Scott M. Grace (SBN 236621)
sgrace@gracelawapc.com
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
Phone: 619-346-4611
Fax: 619-501-8106

Attorneys for Plaintiff, Thomas Ensign

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Ensign,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ARstrat, LLC<br><br>　　　　　Defendant. | Case No. 21-cv-4348<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

## NATURE OF ACTION

1. Thomas Ensign ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, for the benefit of California consumers whose private, debt-related information ARstrat, LLC ("Defendant") disclosed to an unauthorized third party, in connect with the collection of consumer debts.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. §1692(c), and in response to " abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have

contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id,*, §1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB") – the federal agency tasked with enforcing the FDCPA – once explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, §1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. §1692c(b).

5. The provision that §1692c(b) cross-references - §1692b – governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. §1692b.

6. Thus, the FDCPA broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions – some enumerated in §1692c(b), and others in §1692b.

7. Despite this prohibition – one designed to protect consumers' privacy – debt collectors, including Defendant, often send information regarding consumers' alleged

---

[1] See Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v Williams, Zinman & Parham, P.C.*, No. 14-15672 (9th Cir Aug 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinmanparham-p.c./140821briefhernandez1.pdf (last visited April 28, 2021).

debts to third-party mail vendors.

8. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9. These third-party mail vendors use information provided by debt collectors—such as a consumer's name, the name of a creditor to whom a debt is allegedly owed, the name of an original creditor, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

10. This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11. Upon information and belief, Defendant routinely communicates with and provides, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

12. Plaintiff therefore seeks relief for himself and on behalf of similarly situated California consumers to whom Defendant sent debt collection letters that were prepared, printed, or mailed by a third-party mail vendor.

**PARTIES**

13. Plaintiff is a natural person who at all relevant times resided in Ventura County, California.

14. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes— namely, medical debt (the "Debt").

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

---

[2] *See* https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collectionpractices- regulation-f#citation-749-p23396 at n. 749 (last visited April 28, 2021).

17. Defendant is an entity located in Sugar Land, Texas, and is registered as an LLC in the State of Nevada. Defendant may be served by its registered agent for Service of Process, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 (Entity No. C1592199).

18. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

22. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

23. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and as Defendant caused a debt collection letter to be sent to Plaintiff in this district.

## FACTUAL ALLEGATIONS

24. On or about April 11, 2020, Defendant caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

25. A true and correct copy of the April 11, 2020 communication to Plaintiff is attached, in redacted form, as Exhibit A.

26. The April 11, 2020 letter discloses the amount of the Debt. See Exhibit A.

27. The April 11, 2020 letter identifies the current creditor to whom Defendant alleged the Debt is and was owed. *Id.*

28. The April 11, 2020 letter identifies additional information regarding the Debt, including account and reference numbers, and a description of the Debt. *Id.*

29. The payment address on the April 11, 2020 communication is listed as "St. John's Regional, File 57121, Los Angeles, CA 90074" See Ex. A.

30. Defendant's address is "14141 Southwest Fwy Suite 300 Sugar Land, TX."

31. The payment address on the April 11, 2020 communication, does not, therefore, match Defendant's address.

32. So upon information and belief, Defendant did not print and mail the April 11, 2020 letter.

33. Rather, upon information and belief, Defendant, in connection with the collection of the Debt, provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other private details regarding the Debt, to a third-party mail vendor.

34. The third-party mail vendor then printed the April 11, 2020 communication and sent it to Plaintiff.

35. On or about May 27, 2020, Defendant caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

36. A true and correct copy of the May 27, 2020 communication to Plaintiff is attached, in redacted form, as Exhibit B.

37. The May 27, 2020 letter discloses the amount of the Debt. See Exhibit B.

38. The May 27, 2020 letter identifies the current creditor to whom Defendant alleged the Debt is and was owed. *Id.*

39. The May 27, 2020 letter identifies additional information regarding the Debt, including account and reference numbers, and a description of the Debt. *Id.*

40. The payment address on the May 27, 2020 communication is listed as "St. John's Regional, File 57121, Los Angeles, CA 90074" See Ex. B.

41. Defendant's address is "14141 Southwest Fwy Suite 300 Sugar Land, TX."

42. The payment address on the May 27, 2020 communication, does not, therefore, match Defendant's address.

43. So upon information and belief, Defendant did not print and mail the May 27, 2020 letter.

44. Rather, upon information and belief, Defendant, in connection with the collection of the Debt, provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other private details regarding the Debt, to a third-party mail vendor.

45. The third-party mail vendor then printed the May 27, 2020 communication and sent it to Plaintiff.

46. Plaintiff did not provide Defendant prior express consent to communicate, in connection with the collection of the Debt, with any third-party mail vendor.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a California address, (b) to which ARstrat, LLC sent, or caused to be sent, a debt collection communication, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint through the date of class certification, (e) that was prepared or mailed by a third-party vendor.

48. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

49. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

50. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

51. The class is ascertainable because it is defined by reference to objective

criteria.

52. In addition, upon information and belief, the names and addresses of all class members can be identified through business records maintained by Defendant.

53. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the class members.

54. To be sure, Plaintiff's claims and those of the class members originate from the same practice utilized by Defendant—the sending of personal, private information regarding alleged consumer debts to a third-party mail vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each class member.

55. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the class members and has retained counsel experienced and competent in class action litigation.

56. Plaintiff has no interests that are contrary to or in conflict with the class members that he seeks to represent.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all the class members is impracticable.

58. Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation could make it impracticable for the class members to individually redress the wrongs done to them.

59. There will be no unusual difficulty in the management of this action as a class action.

60. Issues of law and fact common to the class members predominate over any questions that may affect only individual class members, in that Defendant has acted on grounds generally applicable to the class.

61. Among the issues of law and fact common to the class:
    a. Defendant's violations of the FDCPA as Plaintiff alleges;
    b. whether Defendant is a debt collector as defined by the FDCPA;

    c. whether Defendant's communications with third-party mail vendors in connection with the collection of consumer debts violate the FDCPA;

    d. the availability of declaratory relief;

    e. the availability of actual damages and statutory penalties; and

    f. the availability of attorneys' fees and costs.

62. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692C(B)

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 53 above.

64. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

65. By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, and the alleged creditor, with a third-party mail vendor, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d , 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

66. The harm Plaintiff suffered is particularized in that Defendant communicated with a third-party vendor regarding his personal alleged Debt.

67. And the violation of Plaintiff's right not to have his private information shared with third parties is a concrete injury sufficient to confer standing.

68. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

69. Additionally, by communicating with a third party in connection with the

collection of the Debt, Defendant harmed Plaintiff by invading his privacy.

70. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about him and the Debt.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiff and the class members statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding the class members actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and the class members their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the class members any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated May 25, 2021

GRACE LAW, APC

By: /s/ Scott M. Grace
    Scott M. Grace
    sgrace@gracelawapc.com

Attorney for Plaintiff and the Class